# Exhibit 51

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DYWANNA BROADNAX, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | CIVIL ACTION NO. 21-CV-04662-JMY |
| HOSPITAL, INC., | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENTAL AFFIDAVIT OF JOYCE ZAGACKI**

COMMONWEALTH OF PENNSYLVANIA

:SS

COUNTY OF PHILADELPHIA

I, Joyce Zagacki, declare the following to be true and correct under penalty of perjury and pursuant to 18 U.S.C. Sections 1623 and 1621:

1. My name is Joyce Zagacki. I am more than eighteen (18) years of age, am competent to testify in a court of law, and have personal knowledge of the facts stated herein.

2. I provide this Supplemental Affidavit in further support of Defendant's Motion for Summary Judgment and the accompanying brief and reply brief.

3. I understand that Ms. Broadnax suggests in her response papers to Defendant's Motion for Summary Judgment that, regarding her coworkers' errors she found when checking scripts, I deliberately went over those errors with her coworkers in the morning when Ms. Broadnax was not working and that I did this in some effort to ensure those coworkers viewed Broadnax as a "villain."

4. This simply is not true. I felt I had to review the errors with the people who made them so that they would not make the same mistakes again. Because virtually everyone who reported to me worked the morning shift, which was typically between 5:00 a.m. and 1:30 p.m., the only time I could go over those errors with those employees was in the morning. I also reviewed the errors at the start of the employee's shift to try to avoid those errors being repeated during even that shift.

5. I do not recall Ms. Broadnax objecting to me speaking to my employees about the errors they made. When I did speak to those employees, I focused on correcting the errors that had been made and, particularly if patient care could have been impacted, stressed how grateful I and my employee should be that the errors were found.

6. On occasion, Ms. Broadnax and I would disagree about whether an error she believed she noted was, in fact, an error, but this was the result of differing views of best practices between a supervisor and a subordinate.

7. Ms. Broadnax never told me she did not want to check scripts anymore. If she had told me she did not want to do this, I would have allowed her to stop.

8. This was not a duty I imposed on Ms. Broadnax. I suggested she check the scripts if she needed something to do during her shift and to help another employee – Lindsey D'Elia – who was primarily responsible for checking scripts until she left Jefferson in May 2014.

9. I thought Ms. Broadnax appreciated being able to review scripts, as she once

10. I also understand Ms. Broadnax contends that I deliberately scheduled staff meetings in the mornings to exclude her from them. To the contrary, I scheduled meetings in the morning because this is when most of my staff could attend. As I said above, the vast majority of my employees worked the morning shift. Also, it was not unusual for even those morning shift employees to miss staff meetings. Sometimes patient needs would preclude them from making the meeting and, in any event, the Lab could not be left unattended. It seemed there were often some employees who missed the meetings. For anyone who missed them, including Ms. Broadnax, they would be apprised of what was discussed (either via meeting minutes or side meetings with me).

11. Further, I understand Ms. Broadnax contends I initiated behavioral service training in 2017. I did not initiate that training. Jefferson required all employees who interface with patients to take the training. To my knowledge, Ms. Broadnax met that requirement.

12. Regarding Crystal Taylor, she was issued a First Written Warning on December 18, 2018, arising from a complaint from a patient that Ms. Taylor had been "nasty" to her and was wearing ear buds.

13. I affirm under the penalties of perjury that I have read the foregoing and the facts and representations contained therein are true.

Dated:
_10-10-2022_

_Joyce Zagacki_
Joyce Zagacki

10207241.v1